UNIVERSITY ALLIANCE v. PHELPS.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

SALES (§§ 52, 181*)—ACTION FOR PRICE—EVIDENCE.

Evidence in an action for the price of books, *held* insufficient to sustain a finding that defendant signed a contract to receive and pay for the books, or that they were delivered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 473–491, 1045; Dec. Dig. §§ 52, 181.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the University Alliance against Dudley F. Phelps, Jr. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Dittenhoefer, Gerber & James, of New York City (Dudley F. Phelps, of New York City, of counsel), for appellant.

Herrick, Breckinbridge, Carney & Sloane (James R. Sloane, of New York City, of counsel), for respondent.

SEABURY, J. The plaintiff, a book-publishing corporation, sues for the price of a set of books alleged to have been sold and delivered to the defendant. The plaintiff predicates its claim upon an alleged contract signed by the defendant. The alleged contract was made in September, 1907, and is a printed form of order, with the title of the books, the price, and the amount of the monthly installments inserted in pencil. The contract in its present form obligates the plaintiff to deliver a set of their "Norroena" for $97, payable in 20 monthly installments of $5 each. The contract also requires the plaintiff to deliver to the defendant "1 Flatey book * * * free."

The defendant testified that, when he signed the paper upon which the plaintiff sues, it merely required the plaintiff to deliver "1 Flatey book * * * free," and that all the lead pencil writing which now appears upon the paper was inserted after he signed it. The present appearance of the paper, and the fact that the plaintiff waited five years before making any claim upon it, and that the plaintiff's agent, who induced the defendant to sign the paper, failed to contradict the defendant's testimony, are significant features of the case, which tend to corroborate the defendant's testimony. Moreover, the proof of the delivery of the books to the defendant was very unsatisfactory.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes